## INTERNATIONAL HARVESTER CO. v. TEXAS BANK & TRUST CO.

### No. 7698.

Court of Civil Appeals of Texas. Austin.

April 27, 1932.

Rehearing Denied May 18, 1932.

Hicks, Dickson, Bobbitt & Lange, of San Antonio, for appellant.

Hart & Patterson, of Austin, for appellee.

BLAIR, J.

Appellee sued appellant for a truck, and caused a writ of sequestration to issue and the sheriff to take from the possession of appellant the truck in suit. Appellant filed a general denial; and on the trial to the court without a jury appellee recovered judgment for the truck; hence this appeal.

No findings of fact or conclusions of law were requested or filed, and the pleadings and evidence sustain the judgment upon the ground that the truck claimed by appellant under its receipt for unsold goods was not the truck claimed by appellee in this suit.

Briefly, the evidence shows that the Farmers' Supply Company was the trade-name under which W. H. Rumsey conducted his private business of selling farm machinery and trucks. Appellant, a manufacturer and dealer in farm machinery and International trucks, from time to time delivered Rumsey farm machinery and International trucks on "open account for thirty days," notes taken every thirty days for any balance due, or on conditional sale or consignment contracts. However, appellant claimed the truck in suit under a receipt for unsold goods, executed to it May 14, 1930, by Farmers' Supply Company, per W. H. Rumsey, which instrument described the truck covered as "International Truck, Size S-26, Motor #38565, Chassis #47344." This "was an isolated transaction," being the only one of its kind "ever had in this way" with Rumsey.

Appellee claimed the truck in suit under a trust receipt, executed to it October 30, 1930, by Farmers' Supply Company, per W. H. Rumsey, which instrument described the truck covered as "International Truck, Motor No. 47344E, Serial No. S 26." By amended pleadings appellee alleged mistake in describing the truck sued for as having Motor No. 47344E, but that instead it had Chassis No. S 47344E, and Motor No. 4S138565. The evidence is undisputed that the chassis number is the one usually relied upon to describe a truck; that the letter "E," as shown in appellee's trust receipt at the end of Chassis No. 47344, would describe a different truck from the one described in appellant's receipt for unsold goods, as having "Chassis #47344"; and that the use of the letter "E" at the end of Chassis No. 47344 was for the purpose of keeping chassis numbers from becoming too large. Both instruments described the truck covered as having serial or size No. 26 or S-26. The truck taken by the sheriff under the writ of sequestration was described as "International Truck Size No. S 24, Motor No. 4SL38565-A, Chassis No. S 47344E." It therefore clearly appears that the instruments could have described different trucks, and that the description of the truck in the appellant's receipt for unsold goods is insufficient to identify the truck in suit, if intended to do so.

Passing to the extraneous evidence, it shows that Rumsey executed the trust receipt to obtain a loan of $2,000 from appellee; which loan was later renewed in a note for $4,000, also secured by the trust receipt. Rumsey testified that the usual purpose of such trust receipt was to obtain money to pay the purchase price of the truck described, but that in the instant case he paid the

greater part of the $2,000 on his running account with appellant. On April 1, 1931, with the consent of Rumsey, and because appellee had sued Rumsey upon the $4,000 note, appellant took several International trucks, including the one in suit, from Rumsey's place of business, and moved them to its rented building. Appellant claimed to have taken possession of the trucks under its conditional sale or consignment contracts, except the one in suit, which it claimed to have taken under its receipt for unsold goods. Prior to and on the date appellant took the trucks, Rumsey pointed out the truck in suit to appellee's representatives as the one covered by the trust receipt; and on the latter occasion told them that appellant had no claim upon it, whereupon appellee's representatives, on the date appellant took possession of the trucks, caused the sheriff to take the truck in suit under the writ of sequestration. On the trial of the case Rumsey testified that: "I imagine that the truck that was taken down there first by the International Harvester people and then taken by the writ of sequestration is the machine described in both instruments." The record shows that Rumsey blamed appellee for the action of appellant in taking the trucks, because appellee sued him upon the $4,000 note. Appellant's employee testified that the truck in suit was the one covered by the receipt for unsold goods.

Under the evidence detailed we cannot say as a matter of law that the truck in suit was the same truck covered by appellant's receipt for unsold goods. This receipt did not accurately describe the truck in suit. It could have accurately described another truck. The trial judge was not compelled to believe the testimony of appellant's employee that the receipt covered the truck in suit; nor the testimony of Rumsey that he imagined the same machine was described in both instruments. We therefore affirm the judgment of the trial court.

Affirmed.